UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANET WILLIAMS, | ) | NO. CV 17-5640-AB(Ex) |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATION AND ORDER |
| LOS ANGELES SHERIFF'S DEPARTMENT, ET AL., | ) | TO SHOW CAUSE RE CONTEMPT |
| Defendants. | ) | |

It is ordered that Defendant Los Angeles Sheriff's Department and Defendant County of Los Angeles shall appear on August 30, 2019, at 10:00 a.m. in the Courtroom of the Honorable André Birotte Jr., United States District Judge, at 350 West First Street, Courtroom 7B, Los Angeles, California 90012, and then and there to show cause, if there be any, why these Defendants should not be adjudged in contempt by reason of the facts certified herein.

///

///

///

///

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1. On February 15, 2019, the Magistrate Judge issued a Minute Order stating:

> Without legitimate excuse, Defendants Los Angeles Sheriff's Department and County of Los Angeles ("Defendants") remain in willful violation of this Court's June 22, 2018 Order and this Court's November 16, 2018 Order. In particular, Defendants still have not produced to Plaintiff any documents responsive to Plaintiff's Request for Production No. 18.
>
> In the event Defendants fail to produce to Plaintiff all documents responsive to Plaintiff's Request for Production No. 18 on or before February 19, 2019, Defendants shall pay to the Court a per diem sanction in the amount of $500.00 beginning on February 20, 2019. See

---

[1] The question of whether Defendants should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for his consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3d Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

    <u>Grimes v. San Francisco</u>, 951 F.2d 236, 240-41 (9th Cir. 1991). Defendants shall pay a $500.00 sanction to the Court every calendar day thereafter until Defendants comply fully with this Court's orders to produce to Plaintiff all documents responsive to Plaintiff's Request for Production No. 18. These per diem sanctions shall be paid by checks to "Clerk, U.S. District Court" and the checks shall state in the "Memo" sections thereof: "Sanctions for case No. CV 17-5640-AB(Ex)."

2. From February 19, 2019, and continuing through at least July 19, 2019, Defendants failed to produce to Plaintiff all documents responsive to Plaintiff's Request for Production No. 18, as required by the Magistrate Judge's February 15, 2019 Order.

3. From February 20, 2019, and continuing through at least July 19, 2019, Defendants failed to pay any of the per diem sanctions required by the Magistrate Judge's February 15, 2019 Order.

  DATED: July 23, 2019.

              /s/
            CHARLES F. EICK
        UNITED STATES MAGISTRATE JUDGE